IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK ROBERTS, Individually and on behalf of others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | **CIVIL ACTION NO. 3:14-CV-3617-B** |
| | § | JURY TRIAL DEMAND |
| S.B. SOUTHERN WELDING, L.L.C. and SHANE BOSTON, | § § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S PROPOSED NOTICE TO PUTATIVE CLASS MEMBERS**

Pursuant to the Court's October 21, 2015 "Memorandum Opinion and Order," (the "Order," Doc. 32 at 13), Defendants S.B. Southern Welding, L.L.C. ("S.B. Southern Welding") and Shane Boston (collectively, "Defendants") hereby submit their objections to Plaintiff Jack Roberts' ("Plaintiff") "Important Notice To All Workers at S.B. Southern Welding, L.L.C." and "Consent to Join Overtime Lawsuit."

The parties conferred prior to the filing of these Objections, and were able to agree on certain changes to the proposed notice. Those changes are reflected in the attached notice (APP.001-APP.004).[1] The issues that the parties could not agree on are discussed herein, and Defendants' proposed changes are indicated in redline in the attached notice. *See* APP.001-004.

**1.  The Notice Should Accurately Inform Putative Class Members That They May Be Responsible for Costs and Expenses.**

Plaintiff's proposed notice contains the following incomplete and misleading disclosure: "If you join and the result is favorable, you may be entitled to receive payment from Southern Welding, and if the result is not favorable, you will receive nothing." *See* APP. 002.   This

---

[1] Rendering obsolete Plaintiff's original proposed notice and consent form as reflected in Doc. 28-2.

language is incomplete and misleading because it "does not apprise potential opt-in plaintiffs that they may be required to pay taxable court costs if the judgment is unfavorable to them." *See Behnken v. Luminant Mining Co.*, 997 F. Supp. 2d 511, 524 (N.D. Tex. 2014) (Fitzwater, J.).[2]

An advisory informing opt-in plaintiffs of their potential liabilities "is necessary for potential plaintiffs to make an informed decision about whether to opt in to the lawsuit." *Garcia v. TWC Administration, LLC*, 2015 U.S. Dist. LEXIS 50384, at *19 (W.D. Tex. April 16, 2015); *see also Behnken*, 997 F. Supp. 2d at 524  (holding that without such an advisory, "the proposed notice form is not completely accurate as to the potential liabilities for those who join the lawsuit"); *Heaps v. Safelite Solutions, LLC*, 2011 U.S. Dist. LEXIS, at *21 (S.D. Ohio April 5, 2011) (holding that "[b]eing made aware of the possibility of being held liable for [defendant's] costs of litigation is necessary information for potential plaintiffs to make an informed decision about whether to opt-in as a plaintiff.")

Accordingly, in order to be "completely accurate as to the potential liabilities for those who join the lawsuit," the notice "must inform potential plaintiffs that they could be liable for their proportional share of taxable costs if they do not prevail in this case." *Garcia*, 2015 U.S. Dist. LEXIS 50384, at *19; *see also Behnken*, 997 F. Supp. 2d at 524.  Defendants' proposed notice reflects this necessary change.  *See* APP.002.

## 2.   The Notice Should Accurately Advise Putative Class Members of Their Full Discovery and Travel Obligations.

While the current proposed notice includes that each opt-in plaintiff "may be required to . . . provide information and documents; testify at a deposition and/or appear at trial," the current notice fails to fully and accurately advise potential class members of the full scope of his or her obligations.  *See* APP.002. In particular, the notice should inform potential class members that

---

[2] Nor does any such disclosure appear elsewhere in Plaintiff's proposed notice.  *See* APP.001-APP.004.

each member may be "required to give a deposition, respond to written discovery, and testify in court," and that each member may have to travel to Dallas, Texas to fulfill these obligations. *Behnken*, 997 F. Supp. 2d at 524-525; *see also Garcia*, 2015 U.S. Dist. LEXIS 50384, at \*18 (determining that information about possible travel to the situs of the litigation should be included in the notice); *Grady v. Alpine Auto Recovery LLC*, 2015 U.S. Dist. LEXIS 81989, at \*8 (D. Col. June 24, 2015) (including in the notice that "[w]hile this suit is pending you may be required to submit documents and written answers to questions or to testify under oath at a deposition, hearing or trial."); *Lee v. ABC Carpet & Home*, 2008 U.S. Dist. LEXIS 38725, at \*7-\*8 (S.D.N.Y. May 9, 2008) (holding that "potential litigants should be advised of the possibility that class members may be required to sit for trial or be deposed.")

As currently proposed by Plaintiff, the notice does not inform potential plaintiffs of their obligation to provide written answers in response to Defendants' discovery requests, testify at a deposition under oath, or travel to Dallas, Texas to *testify* at trial (not merely "appear"). *See* APP.002. These omissions leave potential plaintiffs with an inaccurate impression of their obligations should they join this lawsuit. Accordingly, the notice should include information that accurately apprises potential opt-in plaintiffs of the full scope of their discovery and travel obligations. Defendants' proposed notice reflects these changes. *See* APP.002.

**3. In the Interest of Protecting Putative Class Members' Privacy and Security, the Court Should Not Permit Disclosure of Social Security Numbers, Dates of Birth, Phone Numbers, or E-Mail Addresses.**

Related to the issuance of his notice, Plaintiff seeks to force Defendants to divulge:

> "the names, all known addresses, all phone numbers (home, mobile, etc.), dates of birth, all known email addresses (work and personal), social security numbers, and dates of employment for all the class members employed within three years preceding the filing of this action to present."

*See* Doc. 28-1 at 14.

The information requested by Plaintiff's counsel goes far beyond what most courts within the Northern District permit because: "[p]rivacy concerns abound in requiring disclosure of information beyond names and addresses.  Inadvertent disclosure could lead to such unintended consequences as identity theft."  *See Altiep v. Food Safety Net Servs., Ltd.*, 2014 U.S. DIST. LEXIS 114835, at *15 (N.D. Tex. August 18, 2014).

In rejecting an FLSA plaintiff's attempt to obtain the same type of sensitive information that Plaintiff now seeks (*i.e.*, putative class members' "telephone numbers, dates of birth, and social security numbers"), the court in *Humphries v. Stream Int'l, Inc*. stated:

> This highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that Humphries' counsel desires it. Any need for the compelled disclosure of such data is outweighed by the privacy interests of these current and former workers. Inadvertent disclosure of such information could lead to such unintended consequences as identity theft. And there is no apparent reason to conclude that sending a letter to the person's last known address will be inadequate.

2004 U.S. Dist. LEXIS 20465, at *12 (N.D. Tex. February 13, 2004).

Accordingly, "many [courts] have taken the view that putative class members' names and addresses are sufficient to ensure that notice is received."  *Garcia*, 2015 U.S. Dist. LEXIS 50384, at *12; *see also Altiep*, 2014 U.S. Dist. LEXIS 114835, at *15 (denying plaintiffs' request for telephone numbers and email addresses because "Plaintiffs have shown no reason that sending a letter to a potential plaintiff's last known address would provide inadequate notice"); *Aguayo v. Bassam Odeh, Inc.*,  2014 U.S. Dist. LEXIS 24573, at *16 (N.D. Tex. Feb. 26, 2014) (denying plaintiffs' request for phone numbers, email addresses, and dates of birth and instead limiting production to putative class members' names, last known addresses, and dates of employment); *Page v. Nova Healthcare Mgmt., LLP*, 2013 U.S. Dist. LEXIS 127252, at *2 (S.D. Tex. Sept. 6, 2013) (denying plaintiffs' request for telephone numbers and limiting production to

potential plaintiffs' names and last known mailing addresses); *Behnken*, 997 F. Supp. 2d at 526 (denying plaintiffs' request for phone numbers and limiting production instead to names and last known addresses).

In sum, Plaintiff's request for "all phone numbers (home, mobile, etc.), dates of birth, all known email addresses (work and personal), [and] social security numbers" should be denied, as should Plaintiff's request for "*all* known addresses." *See* Doc. 28-1 at 14 (emphasis added). Defendants are willing to provide Plaintiff with names and last known address information for putative class members who worked for S.B. Southern Welding since October 21, 2012. And as detailed in the cases above, this should information is sufficient for Plaintiff's purposes. *Humphries*, 2004 U.S. Dist. LEXIS 20465, at *12.[3]

### 4. Plaintiff Has Submitted No Evidence Demonstrating Why Repeated Notice is Necessary.

Plaintiff seeks permission to send his notice "to the putative class members *twice, both via mail and electronically*: the first time within seven days of receiving the list of putative class members from Defendants and a second time 45 days after." *See* Doc. 28-1 at 15 (emphasis added).[4] Plaintiff however has "not identified any particular reason why a reminder notice is necessary to ensure sufficient notice under the circumstances of this case." *Garcia*, 2015 U.S. Dist. LEXIS 50384, at *16. For this reason alone, reminder notices, either by direct mail or email, are "inappropriate." *Id.*; *see also Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 357-358 (E.D.N.Y. 2012) (denying plaintiffs' request to send a reminder notice when plaintiff failed to show it was necessary, and further holding that, after reviewing the

---

[3] Should the mailed notices for any putative class members be returned as undeliverable, Plaintiff may, at that time, "request the production of additional information to assist them in reaching those individuals." *Garcia*, 2015 U.S. Dist. LEXIS 50384, at *12-*13.

[4] As discussed in section 3, Defendants object to providing Plaintiff's counsel with email addresses. Should the Court agree with Defendants' position, then the issue raised in this section will necessarily only involve notices sent by regular mail.

"prevailing cases" on the issue, "most plaintiffs do not request permission to send reminder notices, and [] there has been no great harm resulting from this practice.")

Moreover, Plaintiff's request to send multiple notices should be denied because "reminder" notices "could be interpreted as encouragement by the court to join the lawsuit." *Witteman v. Wis. Bell, Inc.*, 2010 U.S. Dist. LEXIS 8845, at *10 (W.D. Wisc. February 2, 2010) (further holding that the "purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit"); *see also Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 174 (1989) (holding "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.")

In sum, Plaintiff's request to send reminder notices should be denied because Plaintiff has not demonstrated that reminder notices are necessary in this litigation. *Garcia*, 2015 U.S. Dist. LEXIS 50384, at *16; *see also Guzelgurgenli*, 883 F. Supp. 2d 340 at 358. And even if Plaintiff had made any such showing, the request should still be denied because multiple notices "could be interpreted as encouragement by the court to join the lawsuit." *Witteman*, 2010 U.S. Dist. LEXIS 8845, at *10.

5. **Defendants Request a 60-day Notice Period and 30 days to Provide Name and Address Information to Plaintiff.**

Defendants respectfully request 30 days from the date the Court issues its order on these Objections to provide Plaintiff's counsel the required name and address information for potential opt in plaintiffs. *See Behnken*, 997 F. Supp. 2d at 526 (granting defendant 30 days to provide the required name and last known address information to plaintiffs' counsel); *see also Humphries*, 2004 U.S. Dist. LEXIS 20465, at *12 (granting defendants 30 days to provide plaintiffs' counsel "names and last known addresses" of putative class members).

Finally, Plaintiff seeks a 90-day opt-in period without providing any explanation of why such a lengthy period is necessary. Doc. 28-1 at 13. Defendants respectfully ask that the Court provide a 60-day opt-in period instead. *Witteman*, 2010 U.S. Dist. LEXIS 8845, at *10 (approving a 60-day notice period instead of the 90-day period requested by plaintiff where the 90-day end of notice period would have run past the deadline for defendant to file a motion for decertification).[5]

## CONCLUSION

For all reasons detailed herein, the Court should sustain Defendants' Objections to Plaintiff's proposed notice, and Defendants respectfully ask that Defendants' requested changes in the notice attached hereto (APP.001-004) be incorporated into the final version of the notice, and that all other relief sought herein be granted in full.

Dated:  November 2, 2015.

Respectfully submitted,

**GRUBER HURST ELROD JOHANSEN HAIL SHANK LLP**

By:    */s/ Mark A. Shank*
       Mark A. Shank
       Texas Bar No. 18090800
       Steven W. Hopkins
       Texas Bar No. 24045078

       1445 Ross Avenue, Suite 2500
       Dallas, Texas 75202
       (214) 855-6800 Telephone
       (214) 855-6808 Facsimile
       mshank@ghjhlaw.com
       shopkins@ghjhlaw.com

**ATTORNEYS FOR DEFENDANTS**

---

[5] The current deadline for filing a motion for decertification is November 10, 2015. *See* Doc. 24. Defendants believe that this deadline will need to be amended considering notices to putative class members will not have been issued by that date.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he and counsel for Plaintiff communicated via email regarding the issues discussed herein on October 29, October 30, and November 2, 2015. Plaintiff and Defendants were unable to reach agreement as to the issues discussed herein, and accordingly, the parties seek the Court's assistance to resolve these issues.

*/s/ Steven W. Hopkins*
Steven W. Hopkins

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the persons listed below via CM/ECF on the 2nd day of November, 2015:

Gabriel A. Assaad
gassaad@kennedyhodges.com
John Neuman
jneuman@kennedyhodges.com
Donald Green
dgreen@kennedyhodges.com
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
T – 713.523.0001
F – 713.523.1116
Attorneys for Plaintiffs

*/s/ Steven W. Hopkins*
Steven W. Hopkins