UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK ROBERTS, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-3617-B |
| S.B. SOUTHERN WELDING, LLC and SHANE BOSTON, | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court are Defendants S.B. Southern Welding, L.L.C.'s and Shane Boston's Objections to Plaintiff's Proposed Notice to Putative Class Members (Doc. 35) and Plaintiff Jack Roberts' response thereto (Doc. 36). For the reasons that follow, the Court **SUSTAINS in part and OVERRULES in part** Defendants' objections.

I.

BACKGROUND

The Court has previously summarized the factual history of this case, which arises under the Fair Labor Standards Act (FLSA). *See* Doc. 32, Mem. Op. & Order 1–2. In its previous order, the Court conditionally certified Plaintiff Jack Roberts' ("Roberts") collective action, but declined to approve court-facilitated notice so as to give Defendants S.B. Southern Welding, L.L.C. and Shane Boston (collectively, "Defendants") an opportunity to submit objections. *Id.* at 13. They have now done so, and Roberts has submitted his response. The Court is therefore prepared to rule on the objections.

## II.

## ANALYSIS

According to the filings before the Court, the parties have largely agreed on the proposed notice to be sent to Defendants' workers. Doc. 35, Defs.' Objs. 1. Five points of disagreement remain:

(1) Whether the notices should inform potential class members that they may be responsible for litigation costs if they do not prevail;

(2) Whether the notices adequately inform potential class members of their discovery and travel obligations;

(3) What identifying information regarding potential class members Defendants must disclose;

(4) Whether Roberts should be permitted to send reminder notices to potential class members; and

(5) The proper time period for potential class members to opt-in to the litigation.

*Id.* at 1–7; Doc. 36, Pls.' Resp. 2–10. The Court addresses each in turn.

A.   *Potential Class Members' Responsibility for Litigation Costs*

Defendants argue that the notices ought to inform potential class members that they may be liable for litigation costs if they do not prevail on their claims. Doc. 35, Defs.' Objs. 1–2. Roberts believes that such information is not necessary, as it would only serve to "dissuade Class Members from participating in this litigation." Doc. 36, Pls.' Resp. 3.

Courts have taken three approaches to resolving this question. Some require notices to include this information, holding that it is "necessary for someone to make an informed decision about whether to join the lawsuit." *Behnken v. Luminant Mining Co., LLC*, 997 F. Supp. 2d 511, 524

(N.D. Tex. 2014). Others believe that this information "may have an *in terrorem* effect that disproportionately outweighs the likelihood that these costs will occur to any significant magnitude," and thus reject such language. *Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 854 (S.D. Tex. 2014). Courts using the third approach seek a middle ground, requiring disclosure of only the specific costs for which the opt-in plaintiffs may be liable. *See, e.g.*, *Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 207 (W.D. Pa. 2014).

The Court believes that the third approach strikes the appropriate balance. On the one hand, potential monetary liability resulting from litigation is certainly a relevant consideration for a person deciding whether to join a lawsuit. But a bare warning that participants may be responsible for litigation costs, without further elaboration, risks unnecessarily deterring potential plaintiffs from opting into the case. The Court therefore concludes that the notices in this case must identify the specific costs for which potential class members could be held liable should they lose. *See id.* The notices may also indicate that opt-in plaintiffs will not be held liable for attorney's fees.

Roberts' attorneys have volunteered to assume responsibility for any litigation costs assessed against class members they represent, and have requested that the notices advise the workers accordingly. Doc. 36, Pls.' Resp. 3. The Court will follow the *Dunkel* approach on this point as well, and will permit the inclusion of such language if Roberts' attorneys "file with the Court for its examination the retention agreement they have entered into with the named Plaintiff[] that so provides," and which would be extended to any opt-in plaintiffs they end up representing. 304 F.R.D. at 207.

B.   *Potential Class Members' Discovery and Travel Obligations*

According to the proposed notice, opt-in plaintiffs may be required to "[p]rovide information

and documents," "[t]estify at a deposition," and "[a]ppear at trial." Doc. 35, Defs.' Objs. 2; *see also* Doc. 34-1, Proposed Notice, App. 2. Defendants argue that this advisement is insufficient and seek to add language indicating that opt-in plaintiffs may also have to (1) respond in writing to discovery requests; (2) testify under oath at a deposition; (3) travel to Dallas; and (4) testify at trial. Doc. 35, Defs.' Objs. 3. Roberts contends that this requested language "goes beyond that which courts typically require, and should be excluded from the notice." Doc. 36, Pls.' Resp. 4.

Similar to potential litigation costs, courts often consider information regarding class members' discovery obligations relevant to the opt-in decision. *See, e.g.*, *Garcia v. TWC Admin., LLC*, No. 14-CV-985, 2015 WL 1737932, at *7 (W.D. Tex. Apr. 16, 2015); *Behnken*, 997 F. Supp. 2d at 524–25. Indeed, these courts note that "such an advisory is routinely approved." *Garcia*, 2015 WL 1737932, at *7. Roberts has offered no specific reason why this language would not be appropriate, but instead points out that some courts have found that "a statement in the notice that highlights the opt-in plaintiffs' discovery obligations . . . . ha[s] the potential of chilling participation in the collective action." *Bath v. Red Vision Sys., Inc.*, No. 13-02366, 2014 WL 2436100, at *7 (D.N.J. May 29, 2014) (unpublished). The Court agrees that discovery obligations may deter some plaintiffs from opting into the litigation, but that is precisely the point of these notices—to allow potential litigants to make an informed decision about whether they want to join the case. Thus, the Court approves the following language:

If you join this case, you may be required to:

- Cooperate with the lawyers in preparing the lawsuit;

- Provide information, submit documents, and respond in writing to discovery requests;

- Testify at a deposition; and/or

- Testify at trial.

C. *Identification Information That Defendants Must Provide*

Roberts has requested "the names, all known addresses, all phone numbers (home, mobile, etc.), dates of birth, all known email addresses (work and personal), social security numbers, and dates of employment for all the class members employed within three years preceding the filing of this action to the present." Doc. 28-1, Pl.'s Br. in Supp. of Expedited Mot. to Conditionally Certify Collective Action 18 [hereinafter "Pl.'s Br. in Supp."]. This request, according to Defendants, "goes far beyond what most courts in the Northern District [of Texas] permit." Doc. 35, Defs.' Objs. 4. They argue that privacy concerns should limit the disclosure of workers' personal information absent a particularized showing of need. *Id.* at 4–5. Roberts, on the other hand, argues that he needs all of this contact information "to enable . . . counsel to locate some Class Members, as the nature of the industry in which Defendants participate requires extensive travel by workers for extended periods of time." Doc. 36, Pls.' Resp. 5.

Privacy concerns militate against disclosing more personal information than is absolutely necessary to notify potential class members of their rights in the lawsuit. Indeed, "[t]his highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that [Plaintiffs'] counsel desires it." *Humphries v. Stream Int'l, Inc.*, No. 03-CV-1682, 2004 U.S. Dist. LEXIS 20465, at *12 (N.D. Tex. Feb. 13, 2004). In the past, this Court has found it proper initially to order only the production of "the full names (including middle names[,] if known), last known addresses, and dates of employment for all individuals to whom notice may be sent." *Aguayo v. Bassam Odeh, Inc.*, No. 13-CV-2951, at *6 (N.D. Tex. Feb. 26, 2014)

(Boyle, J.). The Court will follow this practice here.[1] This also means that Roberts' request to send electronic notices is denied. In the event that notices mailed to potential class members are returned as undeliverable, Defendants will have to disclose to Roberts' counsel the last four digits of those individuals' Social Security Numbers. *Id.* The Court also grants Defendants' request for thirty days to produce this information. *See Behnken*, 997 F. Supp. 2d at 526.

D.   *Reminder Notice*

Roberts has requested permission to send reminder opt-in notices to potential class members forty-five days after mailing the initial notices. Doc. 28-1, Pl.'s Br. in Supp. 19. Invoking the courts' duty to avoid the appearance of endorsing one party or another, Defendants object to this request. Doc. 35, Defs.' Objs. 5–6. In response, Roberts cites several cases where courts have approved such a reminder. Doc. 36, Pls.' Resp. 9.

There is a split of authority on whether reminder notices in FLSA collective action cases are appropriate. *Compare, e.g.*, *Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 274–75 (S.D.N.Y. 2012) (permitting reminder notices), *with Garcia*, 2015 WL 1737932, at *6 (rejecting reminder notices). Reasons for declining to permit reminders include the plaintiff's failure to show why such reminders are necessary, *Garcia*, 2015 WL 1737932, at *6, and the possibility that reminders may give the appearance that the court is endorsing the plaintiffs' position. *Smallwood v. Ill. Bell Tel. Co.*, 710 F. Supp. 2d 746, 753–54 (N.D. Ill. 2010). Both are applicable here. Roberts asserts that reminder notices are necessary because "the Class Members frequently spend significant amounts of time

---

[1] The Court acknowledges that it has previously ordered the production of potential class members' email addresses. *See Huaman v. Ojos Locos Sports Cantina LLC*, No. 13-CV-4938, 2014 WL 4081554, at *8 (N.D. Tex. Aug. 19, 2014). In that case, however, the defendant did not object to disclosing this information, so the Court found the request to be reasonable under the circumstances. *Id.*

traveling for work and away from home." Doc. 36, Pl.'s Resp. 9. But he has not provided any specific information regarding these workers' travel schedules, or explained why sending multiple notices to the same address combats the problem that no one may be home. Furthermore, the Court agrees that reminders "potentially could be interpreted as encouragement by the [C]ourt to join the lawsuit." *Witteman v. Wis. Bell, Inc.*, No. 09-CV-440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010). Accordingly, the Court sustains Defendants' objection and will not allow Roberts to mail reminder notices.

E.     *Opt-In Period*

The parties' final point of contention is whether potential class members should be given sixty or ninety days to opt-in to the lawsuit. Although Roberts is correct that courts have authorized ninety-day opt-in periods, *see, e.g.*, *Black v. SettlePou, P.C.*, No. 10-CV-1418, 2011 WL 609884, at *6 (N.D. Tex. Feb. 14, 2011), he has not cited any cases holding that a sixty-day period is unreasonable. *See Witteman*, 2010 WL 446033, at *3. Given the Court's decision to allow Defendants thirty days to disclose potential class members' identifying information, a ninety-day opt in period on top of that would push any motion for decertification into April 2016, right up against the dispositive motion deadline. *See* Doc. 25, Scheduling Order 1, 3. Roberts has not demonstrated a need for such a long delay, and the Court is satisfied that a sixty-day opt-in period is sufficient in this case. Potential class members therefore will have sixty days from the date on which the notice is mailed to opt-in to the case, if they so desire. The notices should reflect this time period.

F.     *Resetting the Decertification Motion Deadline*

The deadline for Defendants to file a motion to decertify this collective action is currently set for January 11, 2016. *See* Doc. 37, Order. In light of its decisions regarding (1) the time for

Defendants to produce identifying information, and (2) the duration of the opt-in period, the Court resets the decertification motion deadline to March 25, 2016.

### III.

### CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) The parties must submit a joint proposed notice that complies with this Memorandum Opinion and Order no later than **December 22, 2015**;

(2) Defendants must produce the full names (including middle names, if known), last known addresses, and dates of employment for all individuals to whom notice may be sent within **30 days**; and

(3) The deadline for Defendants to file a decertification motion is **RESET** to **March 25, 2016**.

**SO ORDERED.**

**SIGNED: December 15, 2015**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE